UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH GATES, JR., as Executor of the
Estate of KENNETH GATES AND GLADYS
GATES,

       Plaintiff,

 -v-              3:13-CV-1435

A.O. SMITH WATER PRODUCTS CO.;
A.W. CHESTERTON COMPANY;
AMERICAN STANDARD, INC.; AVIATION
MANUFACTURING CORPORATION,
Individually and as successor in interest
to SPENCER HEATER; BURNHAM, LLC,
as successor to BURNHAM
CORPORATION; CERTAIN TEED
CORPORATION; CRANE CO.; CROWN
BOILER CO., formerly known as Crown
Industries Inc.; DANA CORPORATION;
DURABLA MANUFACTURING COMPANY;
EMPIRE-ACE INSULATION MFG. CORP.;
H.B. SMITH COMPANY, INCORPORATED;
HOLLINGSWORTH & VOSE, CO.; ITT
INDUSTRIES, INC.; ITT INDUSTRIES, INC.,
as successor to Bell & Gossett Company
and as successor to Kennedy Valve
Manufacturing Co., Inc., and as successor to
Grinnell Valve Co., Inc.; J.H. FRANCE
REFRACTORIES COMPANY;
KENTILE FLOORS, INC.; MINNESOTA
MINING & MANUFACTURING COMPANY;
PEERLESS INDUSTRIES, INC.; ROBERT A.
KEASBEY COMPANY; UTICA BOILERS, INC.,
Individually and as successor to UTICA
RADIATOR CORPORATION; WEIL-MCLAIN,
a division of The Marley Company; and
YORK INDUSTRIES CORP.,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| WEITZ, LUXENBERG LAW FIRM<br>Attorneys for Plaintiff<br>700 Broadway<br>New York, NY 10003 | KYLE A. SHAMBERG, ESQ.<br>GENNARO SAVASTANO, ESQ.<br>JOHN E. RICHMOND, ESQ. |
| MCELROY, DEUTSCH LAW FIRM<br>Attorneys for Defendant A.O. Smith<br>    Water Products Co.<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07692 | JOSEPH P. LASALA, ESQ. |
| WILSON, ELSER LAW FIRM<br>Attorneys for Defendant Burnham, LLC<br>150 East 42nd Street<br>New York, NY 10017 | JULIE R. EVANS, ESQ. |
| K&L GATES LLP<br>Attorneys for Defendant Crane Co.<br>599 Lexington Avenue<br>New York, NY 10020 | ANGELA DIGIGLIO, ESQ.<br>ERIC R.I. COTTLE, ESQ.<br>NICOLE M. KOZIN, ESQ.<br>TARA L. PEHUSH, ESQ. |
| MCGUIRE, WOODS LAW FIRM<br>Attorneys for Defendant ITT Industries, Inc.<br>1345 Avenue of the Americas, 7th Floor<br>New York, NY 10105 | GENEVIEVE MACSTEEL, ESQ. |
| LEWIS, BRISBOIS LAW FIRM<br>Attorneys for Defendants Peerless<br>    Industries, Inc. and Robert A. Keasbey<br>    Company<br>77 Water Street, Suite 2100<br>New York, NY 10005 | PHILIP J. O'ROURKE, ESQ.<br>ANNA M. DILONARDO, ESQ. |
| BARRY, MCTIERNAN LAW FIRM<br>Attorneys for Defendant Utica Boilers, Inc.<br>2 Rector Street<br>New York, NY 10006 | SUZANNE M. HALBARDIER, ESQ.<br>WILLIAM A. COONEY, ESQ. |
| MACKENZIE, HUGHES LAW FIRM<br>Attorneys for Defendant Weil-McLain<br>101 South Salina Street, Suite 600<br>Syracuse, NY 13202 | DAVID P. SCHAFFER, ESQ. |

HURWITZ, FINE LAW FIRM  V. CHRISTOPHER POTENZA, ESQ.
Attorneys for Defendant Weil-McLain
1300 Liberty Building
424 Main Street
Buffalo, NY 14202

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Kenneth Gates, Sr. ("Mr. Gates" or "decedent") commenced this action in New York State Supreme Court, Broome County, alleging that he had been exposed to, and developed illnesses from, asbestos and asbestos-containing products "mined, manufactured, processed, imported, converted, compounded, installed, or sold" by, inter alia, defendant Crane Co. ("Crane" or "defendant"). Following Mr. Gates's death, Kenneth Gates, Jr., decedent's son and executor of his estate ("plaintiff"), continued to prosecute the action.

On November 18, 2013, after a series of discovery responses alleged Mr. Gates's asbestos exposure occurred in part during his service in the United States Navy, Crane invoked the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and removed this action to federal court. Shortly thereafter, plaintiff moved to remand based on a lack of subject matter jurisdiction. Plaintiff's motion was denied in a January 9, 2014 Memorandum–Decision and Order. Gates v. A.O. Smith Water Prods., Co., No. 3:13-CV-1435, 2014 WL 104965 (N.D.N.Y. Jan. 9, 2014) (the "January 9 MDO").

Plaintiff has now moved again to remand this action to state court, renewing his argument that subject matter jurisdiction is lacking in this forum. Crane opposes. The

motion was fully briefed and considered on the basis of the submissions without oral argument.

## II. DISCUSSION[1]

### A. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "When a party files a motion to remand challenging the removal of an action from state court, 'the burden falls squarely upon the removing party to establish its right to a federal forum.'" Gates, 2014 WL 104965, at *2 (quoting Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005)).

### B. Plaintiff's Motion

Plaintiff advances two grounds in support of this second motion for remand. First, plaintiff points to the recent deposition testimony of Howard Bronson, Mr. Gates's erstwhile co-worker at Bronson Fuel Company in Binghamton, New York from 1960 to 1975. Pl.'s Mem. 6.[2] Plaintiff argues that Mr. Bronson "offered no testimony about [Mr. Gates's] exposure to asbestos during his years of service in the United States Navy." Id. Of course, it is completely unsurprising that Mr. Bronson was unable to provide testimony about decedent's possible exposure to asbestos during his period of naval service. As Crane notes and plaintiff's own argument reveals, Mr. Bronson did not serve with decedent during his

---

[1] The January 9 MDO contains a thorough recitation of the relevant factual background and it will not be repeated here.

[2] Pagination corresponds to that assigned by CM/ECF.

- 4 -

1953-1955 term of military service, but rather worked with him during a later period from 1960-1975. Therefore, the presence or absence of asbestos-related testimony from Mr. Bronson is completely irrelevant to the issue at hand.

Second, and in conjunction with this "development" regarding Mr. Bronson's testimony, plaintiff asserts that he now "abandon[s] all claims premised upon [Mr. Gates's] exposure to asbestos while he served in the United States Navy." Pl.'s Mem. 7. Plaintiff argues that this "abandonment" destroys subject matter jurisdiction and requires the case to be remanded pursuant to 28 U.S.C. § 1447(c), which provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

As an initial matter, a plaintiff may not narrow the scope of his pleaded allegations by simply informally "abandoning" certain claims in a memorandum of law. Roche Diagnostics GmbH v. Enzo Biochem, Inc., 992 F. Supp. 2d 213, 219 (S.D.N.Y. 2013) ("It is well settled that a party may not amend its pleadings in its briefing papers." (citations omitted)). More importantly, plaintiff's reading of § 1447(c)—that narrowing the scope of his claims completely destroys subject matter jurisdiction and forces a remand—has already been considered and squarely rejected by at least one other federal district court in this Circuit. Maguire v. A.C. & S., Inc., 2014 WL 6611748, at *4 (S.D.N.Y. Nov. 21, 2014) ("A plaintiff's later attempts to narrow the scope of [his] claims, so as to eliminate federal claims or defenses, do not erase the Court's subject matter jurisdiction." (citations omitted)).

Essentially, plaintiff contends that because "the record is entirely bereft of evidence substantiating [asbestos] exposure" during the time period of Mr. Gates's naval service,

Crane's federal contractor defense has been revealed as no longer "colorable." But this argument neglects the impact of the January 9 MDO, which found that plaintiff's operative complaint, read in conjunction with interrogatory responses detailing a "Jobsite-Specific Exposure History" that included Mr. Gates's period of naval service, was fairly read against defendant as alleging "exposure aboard specific ships, during a specific time period, from specific asbestos-containing products, including valves, that were manufactured by specific defendants, including Crane." The January 9 MDO also found that defendant, for its part, had adduced sufficient evidence to satisfy its burden of showing that it had served as a U.S. Navy contractor, provided asbestos-related products during that period, and that those products were provided pursuant to specifications governing federal contractors.

In other words, original jurisdiction in this federal forum was established when the January 9 MDO concluded that Crane had provided sufficient evidence to demonstrate a "colorable" federal defense supporting removal. Whether defendant's proffered evidence (and other evidence in the record) will ultimately suffice to establish a complete defense at trial—or is even sufficient to raise a fact issue that could survive a round of dispositive motion practice—is not the question at issue here. Cuomo v. Crane Co., 771 F.3d 113 (2d Cir. 2014) ("[T]he district court's role on a remand motion is not to resolve whether the defendant has established the federal contractor defense or to resolve factual disputes, but only to ensure the existence of some competent evidence supporting a 'colorable' federal defense.").

And as the Maguire Court has noted, even if plaintiff were to formally amend his operative complaint so as to eliminate federal claims and defenses, leaving only state-law claims remaining, this would merely raise a question as to whether the continued exercise

of § 1367 supplemental jurisdiction is proper. See 2014 WL 6611748, at *4 (citations omitted); accord Dougherty v. A.O. Smith Corp., 2014 WL 4447293, at *1-2 (D. Del. Sept. 8, 2014) (noting that even formal dismissal of claims merely prompts the exercise of discretion contemplated in § 1367(c)(3)).

Indeed, the continued exercise of supplemental jurisdiction would still be subject to the district court's careful weighing of "the values of judicial economy, convenience, fairness, and comity" as well as a consideration of whether the party seeking remand "had engaged in forum manipulation." Maguire, 2014 WL 6611748 at *5 (citations omitted). In any event, such discretion would only be properly exercised if the federal contractor defense was also unavailable to each and every remaining defendant, a fact entirely unclear from the state of the litigation at this juncture. See Frawley v. Gen. Elec. Co., 2007 WL 656857, at *6 (S.D.N.Y. Mar. 1, 2007) (noting that defendant's removal gave district court original jurisdiction "over all claims against all government contractors who can assert federal actor status-not just over the removing defendant" and concluding that "Second Circuit precedent does not permit this court to remand the case if any claims over which this court has original jurisdiction remain in suit" (emphasis in original)). Accordingly, plaintiff's motion to remand will be denied.

## III. CONCLUSION

The January 9 MDO determined Crane had provided sufficient evidence to establish a colorable federal defense and that jurisdiction in this forum was proper. Neither the additional evidence of Mr. Bronson's irrelevant testimony nor plaintiff's informal "abandonment" of claims related to Mr. Gates's naval service warrant a reversal of that decision.

Therefore, it is

ORDERED that

Plaintiff's second motion to remand is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 30, 2014.
      Utica, New York.